463 P.2d 556

**Juan NATIVIDAD, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**C. Leo Farmer (C. Leo Farmer Agricultural Service), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 244.**

Court of Appeals of Arizona, Division 1.

Department A.

Jan. 13, 1970.

Rehearing Denied Feb. 25, 1970.

Review Denied March 24, 1970.

———◆———

Gorey & Ely, by Stephen S. Gorey,. Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, for respondent State Compensation Fund.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the lawfulness of a findings and award of The Industrial Commission of Arizona issued on October 4, 1968, denying petition for rehearing filed August 5, 1968, on the grounds that the claimant did not support his application to reopen his claim with proper medical evidence.

The petitioner sustained a back injury in an industrial accident on June 17, 1963. The case was given Commission No. AY 23413. The claim was closed on November 7, 1963 with an award and findings for temporary disability, finding among other things that the petitioner had no physical disability resulting from the accident.

On August 7, 1967 the petitioner's original attending physician, Dr. Frank A. Cocuzzi, filed the Commission form, "Physician's Initial Report of Treatment", alleging that petitioner suffered a new accident on July 12, 1967 while at work and lifting equipment. The form alleges that petitioner's employer at the time of this accident was Carl Anderson Company, a California firm, and that petitioner was working in California at this time. This form was treated by the Commission as a new claim. (NJ 5728).

On September 15, 1967, approximately one month after the second claim file was opened, petitioner filed a petition for reopening of the original claim, No. AY 23413. This petition alleged that the peti-

-tioner was in need of medical care and was partially disabled. It stated, "medical reports available". On November 17, 1967 the Commission issued its findings and award denying reopening of the claim and found: "That applicant does not have any new, additional or previously undiscovered disability attributable * * *" to his June 17, 1963 injury.

Timely protest of the November 17, 1967 award and petition for hearing was filed, and on February 16, 1968 notice of hearing was served and the Commission requested information concerning any party's desire to issue subpoenas. On April 24, 1968, more than two months after the above notice was served, petitioner's counsel subpoenaed Dr. Howard P. Aidem to appear at the hearing to be held that day. To that date no medical reports were submitted to the Commission. Dr. Aidem did not attend the hearing, having failed to receive his subpoena until after the hearing was over, and Dr. Cocuzzi was never subpoenaed. Thus, petitioner was the only witness to testify at the hearing. Petitioner's counsel requested a continuance to permit Dr. Aidem to submit a report. The hearing officer denied the request. He stated:

"I will go ahead and deny the motion for continuance and recommend to the Commission that the findings and award denying reopening of claim served November 17, 1967 be affirmed on the grounds that no medical has been presented in support of the petition. * * *"

On June 24, 1968 the Commission issued its decision upon hearing and order affirming findings and award denying the reopening of petitioner's claim. Thereafter the petition for hearing was filed which was denied on October 4, 1968, and this appeal taken. A finding of the Commission was to the effect that any medical reports submitted to it subsequent to the date of the formal hearing should be considered in support of a *new* application for reopening or readjustment of claim.

A.R.S. § 23–1061, subsecs. A & C indicates that an application for reopening or

readjustment of claim based upon an allegation of new, additional, or previously undiscovered disability be supported by a "certificate" from the attending physician. We do not by this statement hold that the medical report or "certificate" must be filed simultaneously with the filing of the petition.

It is the opinion of the Court that the Industrial Commission's findings that the petitioner had not only failed to support his application for reopening with a written report of a physician or surgeon, but had also failed to provide any medical testimony at the formal hearing in support of his application, is reasonably supported by the record before this Court.

Illustrative of the fact that testimony at the hearing was concerned with matters other than direct medical evidence, we believe it appropriate to quote the following statements made by the hearing officer:

"THE REFEREE: For the record, since Mr. Gorey has gone through all that, number one, the Claimant hasn't been jeopardized one bit. As Mr. Gorey well knows, his remedy is through petition to reopen supported by medical evidence * * *.

\* \* \* \* \* \*

"But as far as jeopardizing you, Mr. Natividad, you haven't been jeopardized one bit. You merely file a petition to reopen through your attorney, supported by medical evidence. The only reason your petition was turned down before was because it was not supported by medical evidence."

In our opinion, Dr. Cocuzzi's report and Dr. Aidem's report are available for use by the petitioner should he file a new petition to reopen. This observation is not an expression of opinion as to the significance of either report nor is it a limitation upon the presentation of other medical evidence.

Affirmed.

STEVENS and CAMERON, JJ., concur.